WEILAND v. POTTER.

1. STATUTE OF FRAUDS—SALES—CHANGE OF POSSESSION.

   The fourteenth section of the statute of frauds, requiring an immediate delivery and continued change of possession of goods sold, applies only to sales of chattels in possession of the vendor or under his control.

2. SAME.

B. was in possession of a ranch as the lessee of T., who was to receive as rent one half of the crops. T. sold to plaintiff a quantity of hay raised on the ranch by B. before division. Afterwards a partial division of the hay was made by the parties concerned, and the property left by plaintiff in possession of B. as plaintiff's agent. *Held*, that the hay was not subject to levy at the suit of T.'s creditors, under the statute of frauds. The statute does not apply to such a case.

*Error to the District Court of Otero County.*

Mr. JAMES HOFFMIRE and Mr. G. Q. RICHMOND, for plaintiff in error.

No appearance for defendant in error.

THOMSON, J., delivered the opinion of the court.

This was replevin, for the possession of a quantity of

alfalfa hay.   The plaintiff, Weiland, claimed title as vendee
of one R. E. Thurman, and alleged that the property was
wrongfully detained from him by the defendant.   The defend-
ant justified under a writ of attachment, issued in an action
brought by H. T. Russell against Thurman, by virtue of
which he, as sheriff of Otero county, had levied upon and
taken possession of the property.

It appears from the evidence that one J. W. Ballou was
in possession of a ranch, called the " Jack Hall " ranch, oper-
ating it as lessee of Thurman.   By the terms of the lease
Thurman was to receive as rent one half of the crops raised
on the ranch.   On the 15th day of July, 1893, Thurman,
being indebted to the plaintiff, sold him thirty-two tons of
the alfalfa hay raised upon the ranch by Ballou, in discharge
of the debt.   There had then been no division of the hay
between Thurman and Ballou, and it was all in Ballou's pos-
session.   After coming to an agreement the plaintiff and
Thurman went to the Jack Hall ranch, saw Ballou and told
him of the sale.   Part of the hay was contained in two stacks
near Ballou's barn, and part was not yet harvested.   It was
then agreed among all of them that of the stacked hay Bal-
lou should take the stack next the barn, which the witnesses
called the first stack, and that the second stack should belong
to the plaintiff.   The second stack was estimated to contain
twelve tons.   The residue of the thirty tons sold was to come
from the growing crop, and Ballou was to gather and stack
it, which he afterwards did.   The agreement between Thur-
man and the plaintiff was evidenced by a written bill of sale,
executed by the former to the latter.   When the transaction
was completed the plaintiff placed the property in charge of
Ballou as his agent.

Upon the service of the writ of replevin the defendant
executed a forthcoming bond to the plaintiff, and retained
the property.   The levy of the attachment was upon the
undivided one half of all the alfalfa hay upon the ranch.
Upon the evidence the court made the following finding:
" That there was never any delivery of the property to plain-

tiff under said bill of sale, or any open or notorious possession of the same as provided by law, and that the defendant was justified in making said levy and holding said property thereunder." Upon this finding the court gave judgment for the defendant. The plaintiff has prosecuted error from the judgment.

The only question which this record makes it necessary to determine is whether the facts in evidence bring the transaction between Thurman and the plaintiff within section 14 of the statute of frauds. That section provides that every sale made by a vendor, of goods and chattels in his possession, or under his control, unless accompanied by an immediate delivery, and followed by an actual and continued change of possession, shall be conclusively presumed to be fraudulent and void as against the creditors of the vendor, or subsequent purchasers in good faith. General Statutes, sec. 1523. The language is explicit. It is sales of chattels *in possession of the vendor or under his control* to which the statute applies. It is not permitted to a vendee, except at his own peril, to clothe his vendor with a false appearance of ownership, by leaving the property sold in his possession; and therefore, when he does so, as to creditors and subsequent purchasers in good faith, the vendor, by virtue of the statute, remains the owner notwithstanding the sale. But neither the statute nor the reasons which led to its enactment apply to sales of property not in the possession or under the control of the vendor. At the time of the sale by Thurman the hay was not, and never had been, in his possession or under his control. By virtue of his agreement with Ballou he would become entitled to one half of it at the proper time. But while it remained undivided it was in the exclusive possession of Ballou; and the only effect of the sale to the plaintiff was to transfer to him the right to receive hay which upon division would fall to Thurman.

At the commencement of this action the whole of the hay was in the possession of the defendant by virtue of his levy upon the undivided half, and he had refused to deliver the

plaintiff's portion of it to him upon proper demand made. Unless the judgment of the court was based upon the finding concerning the delivery and possession of the property, it was based upon nothing; and unless the meaning of the finding is that the transaction was within the statute and therefore void as against this attaching creditor, it has no meaning. The transaction was not within the statute, and it was valid; and whatever the court may have meant, its judgment was erroneous and must be reversed.

*Reversed.*