Maxwell, J.
This is an action of replevin brought by the appellee to recover certain personal property, of which it claimed ownership and right of possession.
The complaint is in the usual form. The answer put in issue the allegations of the complaint and as a further defense justified the tailing of the property under writs issued against Emma E. Hannan, who was alleged to he the owner of the property in dispute, and also alleged fraud in the sale of the property to appellee by Mrs. Hannan.
A replication was filed putting in issue the affirmative defenses of the answer, and, upon the issues thus raised, the cause was tried.
The material facts are as follows: Prior to November 2, 1897, Mrs. Hannan owned the premises No. 2044 Clarkson Street, Denver, with the household furniture therein, which she rented, as a furnished house, to Mrs. Croasdale. Under date of November 2, 1897, Mrs. Hannan executed a written lease of the realty, and a hill of .sale of the personal property, to appellee; the consideration expressed in the hill of sale was $800.00. On same date T. S. Mackenzie, the president of The Mackenzie Bros. Wall Paper and Paint Co., went to the house, where he met Mrs. Croasdale, Mrs. Hannan’s tenant, showed her the bill of sale, informed her that the Mackenzie company ■owned the personal property, and that he understood that 'Mrs. Hannan had told her to turn the property over to him. Mrs. Croasdale said she understood the Mackenzie company owned the property, and thereupon turned it over to Mr. Mackenzie, and within a few minutes vacated the premises, leaving Mr. *123 Mackenzie alone in the house. After two or three hours, Mrs. 'Failor, to whom the Mackenzie company-had previously rented the house and furniture, appeared, and with Mr. Mackenzie made an inventory of the personal property, took possession of the premises, and, shortly thereafter Mr. Mackenzie left her in possession, where she remained continuously until the time of trial.
It appears that Mr. Mackenzie had transacted Mrs. Hannan’s business, in collecting the rents of the premises, and had acted as her agent, since September, 1896, to the time of trial. During the time Mr. Mackenzie was acting as Mrs. Hannan’s agent, he had visited the house several times, and continued to do so after November 2, 1897, presumably to collect the rent of Mrs. Failor. The furniture was not moved from the house, and no acts other than those above set forth were performed by any one, indicating a change of possession or ownership, of the personal property. Mrs. Hannan was not in possession of the property at the time the bill of sale was made, has not been since that date, nor has she exercised or attempted to exercise any acts of ownership over the same. She was out of the state when the lease and bill of sale were executed.
This case was tried to a jury and numerous errors are assigned upon the giving and refusing of instructions, which it- will be unnecessary to discuss ór decide, in the- view we take of this case.
The vendor in this case was out of the state at the time the sale was made; the property was in possession of the bailee of the vendor; the vendee was in Denver; the vendor did not have possession of the property, nor had she any visible control of the same; the only way she could control the property was to order, instruct or request her bailee to deliver it to the vendee; this she did when the sale *124 was made. The bailee, recognizing the vendee as the owner of the property, delivered it to the vendee, who subsequently delivered it to its bailee, in whose possession it remained until the time of trial.
It is not contended that since the sale the vendor has ever been in actual physical possession of, or exercised any acts of ownership over, the property.
“Under these circumstances, and the general rule respecting the transfer of possession when it is in the custody of a third person, there would seem to be a sufficient transfer of possession as against the subsequent attaching creditor. The authorities concur on this question.” — Manufacturing Co. v. Collins, 13 Colo. App. 8-13, and cases cited; Weiland v. Potter, 8 Colo. App. 79.
The rule is stated as follows:
“If personal property, when sold, is in possession of a third person, and lie is fully informed of the sale, by the parties, it is a sufficient explanation of the want of a change of possession, so that the sale is not fraudulent in law as to the creditors of the vendor. To avoid the sale in such a case, fraud in fact must be proved. ’ ’ — Stowe v. Taft, 58 N. H. 445.
Fraud in fact was not proved in this case, as is conceded by counsel for appellants.
It is apparent from the evidence in this case that the account upon which suit was brought, judgment rendered and writs issued, was contracted in May, 1898, and subsequent thereto, more than six .months after the sale of the property in controversy.
“The term ‘creditors,’ as used in the last section, shall be construed to include all persons who shall be creditors of the vendor or assignor at any time while such goods and chattels shall remain in his possession or control.” — 1st Mills’ Ann. Stats., sec. 2028.
Under the authority of Manufacturing Co. v. Collins and Weiland v. Potter, supra, possession and *125 control of the property had passed out of Mrs. Han-nan more than six months prior to the commencement of suit by The Joslin Dry Goods Company; therefore, it was not a £ £ creditor ’ ’ within the definition of this statute.
For the foregoing reasons the judgment will he affirmed. Affirmed.